IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

IN RE:

JOYCE MARY REINERT,                                            CASE NO.: 13-05013

DEBTOR

ERIK A. AHLGREN, TRUSTEE,

    Plaintiff,

v.                                                                                              ANSWER

JUDY KOEPP, JEFF KOERNER, AND
JACK KOERNER,

    Defendants.

---

Defendants Judith Koepp, Jeffrey Koerner and Jack Koerner for their answer to plaintiff's complaint, state as follows:

1. Except as otherwise duly admitted, qualified or otherwise answered, deny each and every allegation of plaintiff's complaint.

2. Admit the allegations in paragraphs 1, 2, 3 and 4.

3. Admit the allegations in paragraphs 5 and 6 that the court has jurisdiction of this matter and that venue is proper in this district.

4. Admit the allegations in paragraphs 7 and 8.

5. Deny that part of paragraph 9 that the debtor and the individual defendants Judith Koepp, Jeffrey Koerner and Jack Koerner each hold a one-quarter interest in the homestead owned by decedent Maryan A. Koerner described as Lot 1, Czech Addition, Benton County, Minnesota, and further deny that debtor and defendants are beneficial owners of "co-owned property" through the estate, but allege that the property is currently subject to the administration

1

of the Stearns County Probate Court under the name of Judith A. Koepp, Personal Representative of the Maryan A. Koerner estate.

6. Allege that the allegations of paragraph 11 do not require an answer, but if they do, defendants deny the same.

7. Admit that the trustee seeks an order authorizing the sale of the estate's interest under 11 U.S.C. § 363(h), but allege that the trustee does not qualify for said order.

8. Admit that part of paragraph 13 of plaintiff's complaint that partition in kind of the property would be impractical.

9. Admit that part of paragraph 14 that the sale of an undivided interest in the property would realize significantly less than sale of the entire home, but otherwise deny the averments of paragraph 14.

10. Deny the allegations of paragraph 15 of plaintiff's complaint.

11. Admit the allegations of paragraph 16 of plaintiff's complaint.

12. Deny the allegations of paragraph 17 of plaintiff's complaint.

13. Allege that paragraph 18 does not require an answer, but if it does, deny the same.

14. Admit that part of paragraph 19 of plaintiff's complaint that the trustee would be required after a sale to distribute the proceeds of the sale to the owners, less costs and expenses not including compensation of the trustee, but otherwise deny the allegations of paragraph 19.

15. Allege that Judith Koepp in her official capacity as Personal Representative of the Estate of Maryan A. Koerner is the title holder to the property in question and is a required party under Rule 19 of the Federal Rules of Civil Procedure, and must be joined because the court cannot accord complete relief among existing parties in her absence.

16. Allege that plaintiff's complaint fails to state a cause of action under 11 U.S.C. § 363(h) because debtor Joyce Reinert did not, at the time of the commencement of her bankruptcy, hold an undivided interest as a tenant-in-common, joint tenant, or tenant by the entirety in the subject property.

17. Allege that plaintiff's complaint fails to state a cause of action because the benefit to the bankruptcy estate from a sale of the property free of the interest of other three family members is substantially outweighed by the detriment to those other family members.

WHEREFORE, defendants Judith A. Koepp, Jeffrey D. Koerner and Jack W. Koerner respectfully request the Court to dismiss plaintiff's cause of action and to award them their costs and disbursements.

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

The undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the Court.

Dated: May 17, 2013

REICHERT WENNER, P.A.

_____
John R. Koch, State Bar No. 57228
Attorney for defendants
501 W. St. Germain Street, Suite 101
P.O. Box 1556
St. Cloud, MN 56302-1556
Telephone: (320) 252-7600
Facsimile: (320) 252-2678

3